MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00075-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
CURTIS LAMAR HACKETT,                           §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury convicted Appellant of the second degree felony of delivery of a controlled substance,
crack cocaine, in the amount of one gram or more but less than four grams. The indictment alleged
two prior felony convictions for enhancement of punishment. The jury found the enhancement
paragraphs to be true, and assessed Appellant’s punishment at confinement for forty years. In two
issues, Appellant challenges the legal and factual sufficiency of the evidence. We affirm.
 
Background
            On an informant’s tip, a Tyler Police Department Narcotics Officer Ricky Graham
(“Graham”) contacted Appellant to buy $100 of crack cocaine. Appellant agreed to meet Graham
to deliver the drugs at a local gas station. Other officers of the narcotics unit established surveillance
of the gas station. The officers conducting the surveillance listened to the transaction in progress
through an electronic transmitter Graham wore, and they also made a videotape of the purchase. 
Appellant got into Graham’s car, took a plastic bag from his mouth containing what Graham
believed to be cocaine, and gave it to Graham. Graham gave Appellant $100 for the drugs. When
he returned to the police station, Graham field tested the substance. The field test indicated the
substance was cocaine. Graham put the substance in an envelope and delivered it to his supervisor,
Lieutenant Long (“Long”). Long transferred the sealed envelope to the Department of Public Safety
(“DPS”) laboratory for analysis. Claybion Cloud (“Cloud”), a DPS chemist, tested and weighed the
substance Appellant sold Graham. Cloud testified that it was seventy-five to eighty-five percent pure
cocaine and weighed 1.45 grams. Cloud testified that the substance he was shown at trial did not
appear to be in the same state as when he tested it nine months before. 
            Long and fellow Officer Mike Saxon (“Saxon”) were the surveillance officers. Long listened
to the conversation between Appellant and Graham which he described as a conversation regarding
the purchase of drugs. Long and Saxon were two hundred or three hundred feet away from
Graham’s vehicle with an unobstructed view, but Long was unable to see the exchange of the drugs
for the money. The jury viewed the video, but the jury did not hear an audio recording of the
transaction. Appellant did not testify or present evidence.
 
Standard of Review
            The standard for the review of legal insufficiency claims is whether, viewing all the evidence
in the light most favorable to the prosecution, any rational jury could have found all the elements of
the offense proven beyond reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
In conducting a factual sufficiency review, the appellate court must sustain the verdict unless a
neutral review of all the evidence, both for and against the challenged finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury determination, or the proof
of guilt, although adequate if considered alone, is greatly outweighed by contrary proof. Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
 
Legal Sufficiency
            Appellant’s first issue challenges the legal sufficiency of the evidence. The elements of the
offense charged in the indictment are as follows: (1) a person (2) knowingly (3) delivers (4) cocaine
in the alleged amount (5) to another person. See Tex. Health & Safety Code Ann. § 481.112
(Vernon 2003).
            Appellant argues that the evidence is legally insufficient “because there is no credible
evidence aside from Graham’s suspect testimony that Appellant delivered cocaine to him.” 
Appellant contends that this, coupled with the chemist’s opinion that the substance produced did not
appear to be in the same state as when he tested it, demonstrates the evidence is legally insufficient. 
Although Appellant characterizes Graham’s testimony as “suspect,” it is the jurors who are the
exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their
testimony. Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997).
            Graham’s testimony that Appellant delivered to him a substance thought to be cocaine, when
considered with the chemist’s testimony that the substance was cocaine in the amount alleged,
constitutes legally sufficient evidence to support the conviction. Appellant’s first issue is overruled.
 
Factual Sufficiency
            In his second issue, Appellant challenges the factual sufficiency of the evidence. Since
Appellant presented no contrary evidence, we must consider only if the proof of guilt is so obviously
weak as to undermine confidence in the verdict.
            Appellant argues that neither Long nor his partner, Saxon, could actually see the drugs pass
from Appellant to Graham. Although a video was made of the purchase from two hundred or three
hundred feet away, it also did not show the exchange. Although Long claimed to have listened to
the conversation between Appellant and Graham about the purchase of drugs, no audio tape was
introduced into evidence. Therefore, Appellant argues, Graham’s testimony is unreliable. In his
view, the apparently altered state of the drugs in evidence indicates that the chemist’s analysis is also
suspect.
            Graham testified that he bought the cocaine. At least one other officer heard an electronic
transmission of the purchase. The video showed Graham and Appellant meeting at the station on
or about the date alleged. The chemist’s analysis showed the substance purchased to be cocaine in
the amount alleged. There is clearly factually sufficient evidence to support the verdict. Appellant’s
second issue is overruled.
 
Conclusion
            Having overruled Appellant’s first and second issues, the judgment of the trial court is
affirmed.
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
 
Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.

























(DO NOT PUBLISH)